FILED FEE PAID $400.00

2019 JUN 21 PM 2:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___LAW___

Rod Pacheco (State Bar No. 112432)
Brian Neach (State Bar No. 242801)
Molly J. Magnuson (State Bar No. 229444)
PACHECO & NEACH, P.C.
Three Park Plaza, Suite 120
Irvine, California 92614
Telephone: (714) 462-1700
Facsimile: (714) 462-1785
Email:  rpacheco@pncounsel.com
        bneach@pncounsel.com
        mmagnuson@pncounsel.com

Attorneys for Relator FRANK HERNANDEZ

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* FRANK HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIER STUDENT LOANS, INC, a California Corporation; PREMIER STUDENT LOANS INC., a California Corporation; TRUE COUNT STAFFING, INC. dba SL ACCOUNT MANAGEMENT, a California Corporation; CONSUMER ADVOCACY CENTER, INC., a California Corporation; KAINE WEN, an Individual; ALBERT KIM, an Individual; and DOES 1 through 50,<br><br>Defendants. | CASE NO. **SACV19-01251 MWF (KSx)**<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL FALSE CLAIMS ACT**<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3729,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

## JURISDICTION, VENUE, AND PRELIMINARY MATTERS

1. This is an action to recover damages and penalties on behalf of the United States arising from false claims, false statements, and other conduct by the Defendants in violation of the federal False Claims Act, 31 U.S.C. § 3729, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 31 U.S.C. § 3732.

2. Venue is proper in the Central District of California under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district or the Defendants may be found here, and acts proscribed by 31 U.S.C. § 3729 occurred in this district.

3. As required by 31 U.S.C. § 3730(b)(2), Relator will be serving the United States Attorney General and the United States Attorney for the Central District of California with copies of this Complaint along with written disclosures of material evidence related to the Complaint. The disclosure statement supports the allegations herein of false claims against the United States by Defendants.

4. As required by the False Claims Act, this Complaint is being filed under seal and shall not be served on Defendants until the Court so orders.

## PARTIES

5. Relator Frank Hernandez ("Relator") is a resident of California and a United States citizen. Relator is over eighteen (18) years of age, is not under any legal or other disability, and is the original source of the allegations delineated herein, which he bases upon his own personal knowledge, investigation, and observation. Relator brings this civil action for violation of 31 U.S.C. § 3729, *et seq.* for himself and on behalf of the United States government, pursuant to 31 U.S.C. §§ 3730(b)(1) and (b)(2).

6. Upon information and belief, defendant Premier Student Loans, Inc. ("Premier I") is a corporation organized under the laws of California. Premier I was dissolved in January 2019. Prior to its dissolution, Premier I was in the business of providing federal student loan consolidation services.

7. Upon information and belief, defendant Premier Student Loans Inc. ("Premier II")


2
COMPLAINT

is a corporation organized and existing under the laws of California. Premier II is in the business of providing federal student loan consolidation services.

8. Upon information and belief, defendant True Count Staffing, Inc. dba SL Account Management ("SLAM") is a corporation organized and existing under the laws of California. SLAM is in the business of providing federal student loan consolidation services.

9. Upon information and belief, defendant Consumer Advocacy Center, Inc. ("CAC") is a corporation organized and existing under the laws of California. CAC is in the business of providing federal student loan consolidation services.

10. Upon information and belief, defendant Kaine Wen ("Wen") is the principal of Premiere I, Premier II, and SLAM. Relator is informed and believes that Wen resides in Azusa, California. In addition to his role at defendant Companies, Wen is also a member of the State Bar of California.

11. Upon information and belief, defendant Albert Kim ("Kim") is the principal of CAC. Relator is informed and believes that Kim resides in Anaheim, California.

12. The true names and capacities of the defendants named above as Does 1 through 50, inclusive, are unknown to Relator, who will seek leave of Court to amend the Complaint to allege the names and capacities of such defendants, together with any additional charging allegations, at such time as they are ascertained.

## DEFENDANTS' SCHEME TO DEFRAUD THE UNITED STATES

13. Defendants Premier I, Premier II, SLAM, and CAC, all based in Irvine, California, are third party student loan processing companies, which claim to assist borrowers with document preparation for government loan repayment programs and claim to help them receive loan forgiveness. These Companies were run together by Wen and Kim, out of the same office space. From at least 2015, Defendants Premier I, Premier II, SLAM, CAC, Wen, and Kim (collectively, "Defendants") engaged in a scheme to defraud the United States Department of Education ("DOE") and the individual borrowers who utilized Defendants' services, as explained herein.

14. Various programs offered through the DOE allow a borrower to lower his or her

student loan monthly payments. Most federal student loans are eligible for at least one income-driven repayment ("IDR") plan, which are designed to make student loan debt more manageable by reducing monthly payment amounts. An IDR plan through the DOE sets a monthly student loan payment at an amount that is intended to be affordable based on an individual's income and family size. Generally, an individual's payment amount under an IDR plan is a percentage of discretionary income. The percentage is different depending on the plan selected. The repayment period is anywhere from 10 to 25 years, depending on the applicable plan. If the federal student loans are not fully repaid at the end of the repayment period, any remaining loan balance is forgiven. It is possible, depending on income and family size, to reduce a borrower's monthly payment to $0 per month.

15. Under all of the IDR plans offered by the DOE, the required monthly payment amount may increase or decrease if income or family size changes from year to year. Each year, a borrower is required to "recertify" his or her income and family size, regardless of whether there has been a change or not.

16. Information about the various repayment plans offered by the DOE is available on its website, www.studentloans.gov. The website also allows a bower to access the online IDR plan or recertification request, which form is referred to as OMB No. 1845-0102. The website indicates that the process takes an average of ten minutes and also notes that there is no application fee to complete an IDR plan request.

17. Over the course of the four years leading to the filing of this Complaint, Defendants managed more than 55,000 individual client-borrowers in connection with document preparation for government loan repayment programs. These individuals, located in all fifty states, were solicited by Defendants through various marketing channels, including primarily through direct mailers. Defendants employ approximately 150 sales representatives who are tasked with enrolling clients with their services.

18. Premier I and II (collectively, "Premier") operate as the "Enrollment Center" for the other entity defendants which, in turn, handle the loan application processing and servicing for their client-borrowers. When a borrower contacts Premier, a representative of the company

handles the initial intake of information and sets up an IDR plan account for the borrower through the DOE's website, www.studentloans.gov. At all material times, Premier has charged its client-borrowers an initial upfront fee of approximately $1,200 or more for its initial services, which is either due in full or in installment payments.

19. Notably, the services offered by Defendants are available to consumers for free through the DOE's website.

20. At all material times, Defendants, through their sales representatives, affirmatively represented to their client-borrowers or otherwise led them to believe that their monthly loan payments to the DOE would be approximately $40 per month. In order to ostensibly make these payments to the DOE on behalf of their client-borrowers, Defendants then billed and collected from their client-borrowers $40 per month. These amounts, however, were not remitted to the DOE for loan repayment on behalf of the client-borrowers. Instead, the monies were retained by Defendants who, through the use of various fraudulent practices described below, attempted to reduce their client-borrowers' monthly payments to zero so that Defendants could retain the monthly payments for themselves.

21. At all material times, once an IDR plan account was set up by Premier, the loan was then sent to one of several entities established by defendants Wen and Kim to handle the loan application and servicing functions. These entities include SLAM and CAC, and potentially many others.

22. Defendants used various companies and countless "doing business as" names ("DBAs"), or trade names, to avoid the exposure of Wen and Kim's fraudulent scheme. These DBAs were formed in order to limit and/or spread out the number of consumer complaints to the Better Business Bureau, the Federal Trade Commission, various State Attorneys General, and other consumer protection agencies, and to spread out the number of charge backs to clients across different entities. Entities were closed and new ones were opened as complaints or chargebacks piled up. For example, Premier I was dissolved in January 2019. Just one month later, Premier II was incorporated, with an almost identical name, with the same address, and with the same identified principal, defendant Wen.

23. The DBAs utilized by Wen and Kim and their Companies, including Premier, have included Financial Preparation Services, Premier Student Loan Center, Financial Loan Advisors, Tangible Loan Advisors, Account Preparation Services, Administrative Account Service, Coastal Shore Financial Group, Doc Management Solutions, First Choice Financial Center, Prime Document Services, South Coast Financial Center, and Direct Account Services.

24. As of June 7, 2019, Defendant' employees were advised that the following were the new DBAs being used by the Companies: Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan Solutions, and Yellowstone Account Services.

25. In order to obtain the lowest possible monthly payment for their client-borrowers, and enable Defendants to retain the monthly payments being charged to their client-borrowers, Defendants trained and instructed their employee loan processors to falsify clients' IDR plan and recertification requests in a number of ways, including by, among other things, (1) falsely increasing borrower's family size, without any evidence of family size or in light of contrary evidence of smaller family size; (2) falsely representing that borrowers are unemployed, despite active employment or unconfirmed employment status; and (3) falsely representing borrowers' income, including by falsifying pay stubs to reflect a lower gross income. These measures were taken without client-borrowers' knowledge or consent.

26. Defendants also trained and instructed their employees to improperly use their clients' consumer identification information, including social security numbers, to create and/or modify consumer's Federal Student Aid ("FSA") identification, without their knowledge or consent.

27. Defendants also trained and instructed their employees to improperly change their clients' address information, substituting one of Defendants' many addresses, in order to intercept documents relating to the federal student loans of their client-borrowers. Loan processors were similarly instructed to create "fake" email addresses for Defendants' client-borrowers, without their knowledge or consent, in order to redirect electronic communications

regarding the client-borrowers' student loans to Defendants. As part of this scheme, the Companies used multiple VPNs to avoid triggering warnings at the DOE.

28. Defendants' employees were falsely told by Defendants that they were allowed to make these statements to the DOE because they had "powers of attorney" for their client-borrowers which entitled them to make such statements. Employees relied on Defendants' false representations and instructions in submitting IDR plan and recertification requests to the DOE.

29. By submitting false IDR plan and recertification requests to the DOE, Defendants made or caused to be made false records or statements material to their client-borrowers' obligation to pay money to the United States.

30. Relator started working for Premier I in June 2015. In or about June 2016, Relator's employment was transferred to SLAM, where he worked as a loan servicer for the company from approximately March 2018 through February 2019. During the time of his employment, Relator expressed to his supervisors concerns about the legality of the business practices described above. His complaints were routinely dismissed by Defendants' representatives, who explained in response that the Companies were not doing anything wrong. Relator was inexplicably terminated by SLAM on February 15, 2019. Relator believes that he was terminated because of the complaints he made during the time of his employment regarding Defendants' business practices.

31. On April 2, 2019, SLAM filed an action against Relator in the Orange County Superior Court, alleging various causes of action stemming from Relator's employment including interference with contract, interference with prospective economic advantage, breach of contract, and trade secret misappropriation. SLAM filed an application for temporary restraining order and a motion for preliminary injunction, seeking to prevent Relator from disclosing any of Defendants' purported trade secret documents, including to the government as part of this lawsuit. The application and motion were denied by the Orange County Superior Court on May 8, 2019 and May 29, 2019, respectively. Relator filed an anti-SLAPP (strategic lawsuit against public participation) motion on May 7, 2019, which is currently pending.

32. In or around April 2019, Relator filed a Complaint for Attorney Misconduct

against Wen with the State Bar of California, bringing to the attention of the State Bar the fraudulent conduct and practices described herein. In support of this complaint, Relator submitted to the State Bar statements from four other former employees of Defendants who had similar complaints about Wen's unlawful business practices, as well as the business practices of Kim and the defendant entities. This complaint remains pending with the State Bar.

## FIRST CAUSE OF ACTION
### (Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G))

33. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

34. Relator, as the original source of information regarding Defendants' violations of the False Claims Act, has direct and independent knowledge of the information on which the allegations contained herein are based.

35. At all times material to this Complaint, Defendants fraudulently made, or caused to be made through their agents, fraudulent statements on IDR plan and recertification requests submitted to the DOE, regarding the financial circumstances of many of their client-borrowers, including with respect to, among other things, gross income, family size and/or employment status.

36. At all times material to this Complaint, Defendants either had actual knowledge of the falsity, acted in deliberate ignorance of the truth or falsity, or acted in reckless disregard of the truth or falsity of the records and statements submitted to the DOE regarding their client-borrowers' financial circumstances.

37. Defendants' false statements had a natural tendency to influence the DOE to assess Defendants' client-borrowers a lower (or no) monthly payment on their student loans.

38. By making fraudulent statements to the DOE in connection with IDR plan and recertification requests, Defendants have knowingly concealed and knowingly and improperly avoided or decreased an obligation on the part of their client-borrowers to pay or transmit money or property to the United States.

39. Defendants' false statements, concealment, and avoidance violate 31 U.S.C. §

3729. Through their violations of 31 U.S.C. § 3729, Defendants have obtained IDR plans for their client-borrowers, which have included significantly lower monthly payments than would have otherwise been due. Defendants have knowingly and recklessly damaged the United States in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Conspiracy to Violate the False Claims Act, 31 U.S.C. § 3729(a)(1)(C))

40. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

41. Defendants acted in concert, among themselves and with others, to violate the False Claims Act by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay money to the United States by submitting false IDR plan and recertification requests with the DOE.

42. Defendants committed the overt acts described above in furtherance of the conspiracy, including but not limited to, making misrepresentations on IDR plan and recertification requests submitted to the DOE regarding the financial circumstances of many of their client-borrowers, including with respect to, among other things, gross income, family size and/or employment status.

43. Defendants' conspiracy violates 31 U.S.C. § 3729(a)(1)(C), in that Defendants' obtained DOE approval for IDR plan and recertification requests on behalf of their client-borrowers therefore avoiding the appropriate payment of student loan debt. Defendants have knowingly or recklessly damaged the United States in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States *ex rel.* Frank Hernandez prays for the following:

1. An award of treble damages, civil penalties, expenses, fees, and costs against Defendants, jointly and severally, in accordance with 31 U.S.C. § 3729 *et seq.* for Defendants' violations of 31 U.S.C. § 3729(a)(1)(G);

2. An award of treble damages, civil penalties, expenses, fees, and costs against Defendants, jointly and severally, in accordance with 31 U.S.C. § 3729 *et seq.* for Defendants' violations of 31 U.S.C. § 3729(a)(1)(C); and

3. An award of such other and further relief, legal or equitable, which the Court deems just and proper.

Dated: June 21, 2019

PACHECO & NEACH, P.C.

By: _____
ROD PACHECO, Attorneys for Relator
FRANK HERNANDEZ